IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CUMIS INSURANCE SOCIETY, INC.,

                Plaintiff,                        ORDER

    v.

                                                                                                            09-cv-759-bbc

TCT FEDERAL CREDIT UNION,
JM ASSOCIATES FEDERAL CREDIT UNION,
PICATINNY FEDERAL CREDIT UNION,
COUNTY EDUCATORS FEDERAL CREDIT UNION,
ENERGY FEDERAL CREDIT UNION,
PINNACLE CREDIT UNION,
UNITED FINANCIAL SERVICES COMMUNITY CREDIT UNION,
NOVARTIS CREDIT UNION,
TREASURY DEPARTMENT FEDERAL CREDIT UNION,
MIAMI FIREFIGHTERS FEDERAL CREDIT UNION,
SPERRY ASSOCIATES FEDERAL CREDIT UNION,
PIEDMONT ADVANTAGE CREDIT UNION,
PENN EAST FEDERAL CREDIT UNION,
BRITISH AIRWAYS EMPLOYEES FEDERAL CREDIT UNION,
VELOCITY COMMUNITY FEDERAL CREDIT UNION,
RUTGERS FEDERAL CREDIT UNION,
EDUCATIONAL SYSTEMS FEDERAL CREDIT UNION,
SUFFOLK FEDERAL CREDIT UNION,
SARASOTA COASTAL CREDIT UNION,
AUTOMATIC DATA PROCESSING FEDERAL CREDIT UNION,
FRONTIER FINANCIAL CREDIT UNION,
JERSEY TRADES FEDERAL CREDIT UNION,
DIABLO VALLEY FEDERAL CREDIT UNION,
LASSEN COUNTY FEDERAL CREDIT UNION,
FIRST FLORIDA CREDIT UNION and
NEWARK BOARD OF EDUCATION CREDIT UNION,

                Defendants.

---

Plaintiff Cumis Insurance Society, Inc. seeks a declaration regarding the scope of its obligations under bonds it issued to defendants. It filed this lawsuit in the Circuit Court for Dane County, Wisconsin, but defendant Education Systems Federal Credit Union removed it to this court under 28 U.S.C. §§ 1441 and 1446. Defendants cite diversity as a basis for jurisdiction. 28 U.S.C. § 1332.

There are 19 motions pending, falling into two basic groups: (1) those related to plaintiff's motion to remand the case to state court for lack of subject matter jurisdiction, dkt. 16; and (2) those related to the various motions filed by individual defendants to dismiss for lack of personal

jurisdiction or improper venue, dkt. 25, 29, 35, 61, 63, 67, 74 and 130. (Originally, defendant Sperry Associates Federal Credit Union's motion to dismiss included its own motion to remand, dkt. 63, but Sperry later withdrew that part of its motion, dkt .130.) However, before the court can resolve the jurisdictional motions themselves, there are three subsets of motions related to the manner and order of that resolution.

First, many of the defendants have requested an extension of time to respond to plaintiff's motion to remand so that they can conduct discovery on the question whether diversity jurisdiction is present. Dkt. 102, 105 and 113. Second, plaintiff has filed a motion for an extension of time to respond to the various motions to dismiss for lack of personal jurisdiction so that it can conduct discovery of defendants' contacts with Wisconsin, dkt. 101 (and one defendant has filed a "motion" in opposition to plaintiff's motion, dkt. 131). Finally, several defendants have filed motions asking the court to consider their motions to dismiss for lack of personal jurisdiction *before* resolving plaintiff's motion to remand. Dkt. 78, 81, 84, 87 and 97.

I will grant the first and second subset of motions, but deny the third. With respect to the motions for an extension of time related to the motion for remand, I granted one of these motions in a text-only order dated February 17, 2010. Dkt. 117. Although the other, similar motions were left out of that order inadvertently, presumably the parties figured out that the order applied to everyone because no party has sought clarification of that order. Thus, the deadline for filing an opposition to plaintiff's motion to remand is March 19; the reply deadline is March 29.

With respect to defendants' motion to rule on personal jurisdiction first, defendants have not persuaded me that it makes sense in the context of this case to take the issues out of order. The general rule is that a court should first decide its own jurisdiction to hear the case. *Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010) ("The first question in every case is whether the court

2

has jurisdiction."); *McCready v. White*, 417 F.3d 700, 702 (7th Cir.2005) ("Ensuring the existence of subject matter jurisdiction is the court's first duty in every lawsuit.") (*citing Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83(1998)). Defendants cite *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999), for the proposition that a court may decide personal jurisdiction before subject matter jurisdiction. That is correct: a court may decide *any* matter before subject matter jurisdiction (or personal jurisdiction), so long as it is unrelated to the merits. *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 431 (2007). However, the reasons for putting the question of subject matter jurisdiction to the side are usually related to convenience and judicial economy. *Id.* at 435-36. Those concerns do not support defendants in this case.

In both *Ruhgras* and *Sinochem*, the court could dispose of the entire case without addressing subject matter jurisdiction. In this case, it appears that not all of the defendants have filed motions to dismiss for lack of personal jurisdiction. Thus, regardless how I resolve those motions, the question will remain whether diversity jurisdiction exists. In any event, it is disingenuous for defendants to argue that their motions to dismiss are "straightforward" while plaintiff's motion to remand is "complex." Dft.'s Br. at 3-4, dkt. 79. The defendants have filed eight separate motions to dismiss for lack of personal jurisdiction, each raising its own issues. The ease or difficulty of resolving those motions cannot be determined until plaintiff has had an opportunity to respond, which has not happened yet. Further, any complaints about delay are unconvincing. After all, it was defendants, not plaintiff, who removed the case to this court before fully investigating the basis for jurisdiction.

Although I am declining to alter the traditional ordering of issues, I see no reason to stop plaintiff from engaging in discovery related to personal jurisdiction in the meantime. Regardless of the resolution of plaintiff's motion, it is likely that either this court or the state court will have

3

to resolve defendants' motions. Some defendants argue that plaintiff has not made a sufficient prima facie showing to justify discovery on personal jurisdiction, but defendants made *no* showing in their notice of removal that diversity jurisdiction exists, yet I have allowed them to investigate the matter further.

ORDER

It is ORDERED that:

(1) Defendants' motions for an extension of time to file a response to plaintiff's motion to remand, dkt. 102, 105 and 113, are GRANTED. Not later than March 19, 2010, defendants may file a response to plaintiff's motion; not later than March 29, 2010, plaintiff may file its reply.

(2) Plaintiff's motion to engage in discovery on matters related to personal jurisdiction, dkt. 101, is GRANTED. Defendant Sperry Associates Federal Credit Union's "motion" in opposition to plaintiff's motion, dkt. 131, is DENIED. For now, discovery on personal jurisdiction shall be limited to written requests. If plaintiff believes it needs to take a deposition in order to establish personal jurisdiction over one or more of the defendants, then it must seek authorization from the court.

(3) The various motions to dismiss filed by defendants for lack of personal jurisdiction, dkt. 25, 29, 35, 61, 63, 67, 74 and 130, are STAYED pending resolution of plaintiff's motion to remand.

(4) Defendants' motions to decide personal jurisdiction before subject matter jurisdiction, dkt. 78, 81, 84, 87 and 97, are DENIED.

Entered this 5th day of March, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge